### 1348.  RUMSEY *v.* BULLARD *et al.*

To call a man a liar and raise a stick to strike him, if in anger, is "a menace of violence," and is "calculated to excite alarm or to provoke a breach of the peace," and constitutes a breach of a bond to keep the peace, under the Penal Code, §§ 1238, 1239.

Complaint, from city court of Eastman—Judge Griffin. July 28, 1908.

Submitted November 12, 1908.—Decided March 16, 1909.

*J. A. Neese, R. B. Edwards,* for plaintiff.

*Oscar J. Franklin,* for defendants.

HILL, C. J. This was a suit to recover damages for the breach of a peace-bond. The defendant Bullard had been required, under the Penal Code, § 1238, to give bond in the sum of $100, "to keep the peace, as against the person, family, and property" of the plaintiff. The plaintiff alleged, that the conditions of the bond had been violated; and he brought suit to recover the $100 for such breach, under § 1239 of the Penal Code. In support of the allegations of his petition, he proved that Bullard, in addition to other unchristian and unfriendly conduct, came to the field where he was at work with his family, and, in their presence, called him a liar, and raised his stick to strike him. Bullard denied that he made use of such language or threatened to strike, and his wife, who was present aiding and abetting in a wifely manner her husband (with an open knife in one hand and a pistol in her apron pocket), corroborated the husband's statement. The learned judge (who tried the case without a jury), without regard to the conflict in the evidence, and accepting the plaintiff's testimony as the truth, decided that no breach of the bond was shown, and rendered judgment against the plaintiff. ✸

Peace-bonds must be great peacemakers. Able counsel on both sides have failed to cite any decision by the Supreme Court on the

subject of breaches of bonds to keep the peace; and the members of this court, after diligent search, have been unable to find any case where the question has been before that august tribunal. This court, therefore, has the great honor of first deciding what amounts to a breach of a peace-bond. The Penal Code, §1239, provides, that "actual violence or a menace of violence, or any other act intended and calculated to excite alarm, or to provoke a breach of the peace, shall be a violation of such bond." The important question, therefore, for our decision is, did the trial court err in holding that to call a man a liar, and contemporaneously raise a stick to strike him, was neither "a menace of violence" nor an "act intended and calculated to excite alarm, or to provoke a breach of the peace"? There is no expert or other evidence on this subject in the record. The judge below came to his conclusion without any extrinsic aid, and solely from original suggestion; and this court in the same manner must depend upon its own judgment, experience, and observation. We regret that we can not concur in the pacific opinion of our learned brother. We are sure that to call a man a liar and raise a stick to strike him is "a menace of violence." Whether such language and act are "intended and calculated to excite alarm, or to provoke a breach of the peace," depends in a large degree upon the character and size of the speaker and actor, and the excitability and nervousness of the person towards whom the unpeaceful demonstration is made. All the judges of this court, being "to the manor born," are willing to take judicial cognizance of a fact which as individuals they all well know, that in Georgia to call a man a liar, even without raising a stick, usually provokes a breach of the peace, and most generally brings on a fight. There may be exceptions to this rule, but they are rare exotics, and find little nourishment in our southern soil and beneath our southern skies. Our Supreme Court holds that to call a man a liar is slanderous, and our code gives the right to resist the epithet with a blow. We are therefore constrained to hold that the finding of the court below is unauthorized by law and unsupported by observation, experience, and fact, and must be set aside.    *Judgment reversed.*